HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAHANZEB K. GHOURI,

        Plaintiff,

   v.

CITY OF OLYMPIA,

        Defendant.

CASE NO. C10-5131RBL

ORDER

THIS MATTER is before the Court on Defendants City of Olympia's Motion for Summary Judgment. [Dkt. #8] Plaintiff Ghouri was arrested by (unnamed and non-party) City of Olympia Police Officers for domestic violence assault in December 2006, following an admittedly physical altercation with his female roommate. He sued the City for False Arrest, negligence, and Municipal Civil Rights under 42 U.S.C. §1983.

The City moves for summary judgment, seeking dismissal of all of Plaintiff's claims against it. It argues that Plaintiff has not and cannot meet his burden of establishing municipal liability under *Monell v. N.Y. City Dept. of Soc.Svcs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978):

> [A] local government may not be sued under § 1983 for any injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by

those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983.

As the City argues, in order to hold it liable under § 1983, the Plaintiff is required to "identify a municipal 'policy' or 'custom'; that caused his injury." The City also argues that there was probable cause to arrest Mr. Ghouri, and that that is a complete defense to his false arrest claim.

The City seeks dismissal of the Plaintiff's negligent training claim, arguing it is "well settled that a claim for negligent investigation against a police officer is not cognizable in Washington." Citing *Laymon v. Dep't of Natural Resources*, 99 Wn.App. 518, 530, 994 P.2d 232 (2000); *Fondren v. Klickitat County*, 79 Wn.App. 850, 862, 905 P.2d 928 (1995).

Plaintiff's Response to the City's Motion [Dkt. #10] is based exclusively on his claim that the officers "should have known" that he was lawfully protecting his property when he got into the physical altercation with his tenant/roommate, and that as a result they arrested him without probable cause. Plaintiff does not address the *Monell* / municipal liability claim, and does not substantively address the City's argument with respect to the viability of his "negligence" claim against it.

As an initial matter, then, the City of Olympia is entitled to summary judgment on plaintiff's municipal civil rights claim under 42 U.S.C. § 1983, and that claim is DISMISSED WITH PREJUDICE.

Plaintiff's negligent training claim is supported only by his claim that the officers should have known he was lawfully defending his property, and that they must have been poorly trained. There is no evidence to support this claim, and it is contrary to well established Washington law. Plaintiff's Negligence claim is therefore DISMISSED WITH PREJUDICE.

       The remaining claim is Mr. Ghouri's false arrest claim. The City argues that plaintiff cannot establish this claim for two independent reasons, either of which are sufficient for summary judgment. First, it argues that

> Under state law a police officer "shall not be held liable in any civil action for an arrest based on probable cause, enforcement in good faith of a court order, or any other action or omission **in good faith** under this chapter arising from an alleged incident of **domestic violence** brought by any party to the incident." RCW 10.99.070. [Dkt. #15 at 3]

       Plaintiff has not even alleged that the unnamed officers were not acting in good faith; instead, his argument is that they were negligently trained or that they were negligent in investigating the circumstances surrounding his altercation with his roommate.

       The parties agree, as they must, that probable cause is a defense to such a claim. *See Hanson v. Snohomish*, 121 Wn.2d 552, 563, 852 P2d 295 (1993) (the existence of probable cause is a complete defense to a claim of false arrest.).

       Plaintiff argues that, viewed in the light most favorable to him, the evidence supports his claim that had the City's officers investigated the domestic violence scene more thoroughly, they would have determined that he was protecting his property (a computer and an Xbox) by getting into a physical altercation with his female roommate. They should have determined that his conduct was justified, and they would not have arrested him.

       The City's responds that its officers are not required to make such determinations:

> [O]nce a police officer has a reasonable basis for believing there is probable cause to arrest, he or she "**is not required to explore and eliminate every theoretically plausible claim of innocence for making an arrest**." *Ricciutti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) (Emphasis added).

       The City's officers had probable cause to arrest Mr. Ghouri at the scene of a physical altercation between he and his female roommate – an altercation Mr. Ghouri admits took place.

ORDER - 3

1 His claim that they should have investigated further and determined that his conduct was

2 justified cannot support a false arrest claim as a matter of law.

3       This claim is similarly DISMISSED WITH PREJUDICE.

4       IT IS SO ORDERED.

5       Dated this 3rd day of March, 2011.

                                              RONALD B. LEIGHTON
                                              UNITED STATES DISTRICT JUDGE